IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL McCLURE, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| TOWNSHIP OF EXETER, | : | |
| PENNSYLVANIA, LACHLAN | : | |
| MACBEAN, and GERARD RADKE, | : | No. 05-5846 |
|     Defendants. | : | |

**MEMORANDUM AND ORDER**

Plaintiff Carol McClure, a former police officer for Defendant Exeter Township ("the Township"), filed a gender discrimination action against the Township, Chairman of the Board of Supervisors for the Township, Lachlan MacBean, and Chief of Police, Gerard Radke. Presently before this Court is Defendants' motion to enforce a settlement agreement purportedly entered into during a settlement conference. For the following reasons, the motion is granted.

I.  BACKGROUND

McClure filed a Complaint against Defendants on November 7, 2005, alleging a violation of her civil rights and invoking 42 U.S.C. § 1983. (Pl.'s Compl. ¶ 1). After Defendants' filed an Answer on March 7, 2006, this Court referred the case to Magistrate Judge Jacob P. Hart for a settlement conference. That conference was held on May 15, 2006, and the parties do not materially dispute what transpired. McClure admits that she "told Judge Hart that she was willing to settle for the terms contained in the agreement attached to defendant's motion [to enforce the settlement agreement]." (Pl.'s Resp. to Defs.' Mot. to Enforce Settlement Agreement [hereinafter "Pl.'s Resp."] ¶ 3). She asserts, however, that a binding settlement was not reached because she "rescinded

her acceptance" prior to ratification of the Settlement Agreement and General Release ("Settlement Agreement") by the Township Board of Supervisors on June 12, 2006.  (*Id.* at ¶ 4.); (Defs.' Mot. to Enforce Settlement Ex. 1).  On September 19, 2006, this Court held a hearing on Defendants' motion and heard testimony from Plaintiff and the Township Manager, Troy S. Bingaman.

## II.     STANDARD OF REVIEW

Both federal and state courts in Pennsylvania encourage settlement agreements as a way to resolve disputes relatively amicably and lighten the load of litigation before the courts.  *See, e.g., D.R. v. E. Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997) (citing *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 213-15 (1994)); *Orta v. Con-Way Transp.*, Civ. A. No. 02-1673, 2002 WL 31262063, at *2 (E.D. Pa. Oct. 8, 2002); *Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick*, 587 A.2d 1346, 1348 (Pa. 1991).  A district court has "inherent authority to enforce agreements settling litigation before it." *New Castle County v. U.S. Fire Ins. Co.*, 728 F. Supp. 318, 319 (D. Del. 1989) (citing *Bowater N. Am. Corp. v. Murray Mach., Inc.*, 773 F.2d 71, 76-77 (6th Cir. 1985)); *see also Hobbs & Co. v. Am. Investors Mgmt., Inc.*, 576 F.2d 29, 33 (3d Cir. 1978). Provided that the evidence demonstrates that the parties reached an agreement, a district court can enforce the terms agreed upon by the parties.  *See Williams v. Metzler*, 132 F.3d 937, 946 (3d Cir. 1997) (noting that basic contract rules apply to settlement); *Shovel Transfer & Storage, Inc. v. Pa. Liquor Control Bd.*, 739 A.2d 133, 136 (Pa. 1999).[1]  Moreover, settlements need not be reduced to

---

[1] Both parties cite to Pennsylvania law as governing the question whether a contract for settlement was formed.  *See Perez v. Verizon*, Civ. A. No. 04-5247, 2006 WL 1796899, at *2 (D.N.J. June 28, 2006) (state law governs the enforcement of settlement agreements in federal court).

writing to be enforceable. *See, e.g.*, *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 436-37 (3d Cir. 2005); *Orta*, 2002 WL 31262063, at *1.

**III.   DISCUSSION**

    **A.   Plaintiff Agreed to Settle**

McClure's attorney had actual authority to bind her to the terms of the settlement; McClure herself was present at the settlement conference, and when Magistrate Judge Hart asked her whether she accepted the terms of the agreement, she replied in the affirmative. (Pl.'s Resp. ¶¶ 3, 4). *See Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 221 (3d Cir. 2004) (attorney required to have actual authority to bind client to settlement agreement under Pennsylvania law). At the hearing on September 19, 2006, McClure testified that she acquiesced to the Settlement Agreement under duress because she was intimidated by Magistrate Judge Hart. This Court rejects the notion that McClure's free will was overborne at the settlement conference; her general protestations that she felt pressure to settle do not establish duress. Indeed, McClure's attorney was present at the settlement conference, and McClure had an opportunity to consult with him outside the presence of both Magistrate Judge Hart and Defendants. *See Leonard v. Univ. of Del.*, 204 F. Supp. 2d 784, 788 (D. Del. 2002) (rejecting duress argument raised to void settlement where plaintiff represented by counsel and no evidence that defendant acted improperly).

It is immaterial that when the Settlement Agreement was ultimately presented to Plaintiff for her signature, she refused to sign it. *See Suber v. Peterson*, Civ. A. No. 04-1896, 2006 WL 1582312, *2-*4 (E.D. Pa. June 2, 2006) (plaintiff expressly authorized her attorney to enter into settlement and plaintiff bound to that agreement even though settlement never reduced to writing). "The [] rule

[that settlements need not be in writing to be enforceable] applies to parties who agree to settle and change their mind before signing a written settlement agreement." *Id.* at *3 (citations omitted). Therefore, Plaintiff is bound to the terms she agreed upon at the settlement conference even though she never signed the Settlement Agreement.

### B. Plaintiff Could Not Unilaterally Rescind

#### 1. Township Attorneys Had Actual Authority to Bind Township

Generally, one party's change of heart subsequent to a settlement agreement does not vitiate a previously agreed upon settlement. *See, e.g., Mercer v. Richardson Brands, Inc.*, Civ. A. No. 91-4033, 1992 WL 164711, at *3 (E.D. Pa. July 2, 1992); *Gross v. Penn Mut. Life Ins. Co.*, 396 F. Supp. 373, 375 (E.D. Pa. 1975) ("[P]laintiff had a change of heart between the time he agreed to the terms of settlement and when they were reduced to writing. . . . Here, plaintiff acted too late. The bargain had already been struck on his terms."). Despite the general rule, Plaintiff asserts that she was entitled to rescind her acceptance to the settlement provided she did so before the settlement was formally ratified by the Township. *See Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 524-25 (3d Cir. 1996) (citing *Abington Heights School Dist. v. Twp. of South Abington*, 456 A.2d 722, 724 (Pa. 1983) ("Under Pennsylvania law, a township cannot enter into a binding contract except by a vote of the township's supervisors.")).

Plaintiff's argument is unavailing. Township Manager Bingaman testified at the hearing that the Township approved the substantive terms of the settlement *prior* to the May 15, 2006, settlement conference. This testimony is bolstered by a November 16, 2004, letter from the Township to Plaintiff, which included a "Proposed Settlement Agreement and General Release" that is essentially identical to the Settlement Agreement that Plaintiff admits she agreed to during the May 15, 2006,

4

settlement conference. Thus, the attorneys for the Township had actual authority to bind the Township to the terms of the settlement on May 15, 2006, because those terms were pre-approved. Given that both parties had actual authority to bind themselves at the settlement conference, and both sides admit that an agreement was reached as to the substantive terms, this Court finds no barrier to enforcement of this settlement agreement. *See Suber*, 2006 WL 1582312, at *2-*4.

*2.     Ratification Requirement was an Implied Condition Precedent*

In the alternative, assuming that the Township's attorneys lacked authority to formally bind the Township at the May 15, 2006, conference and that McClure revoked her acceptance prior to formal ratification, enforcement of the settlement is still appropriate. In this context, the requirement of ratification by a governing body operates as an implied condition precedent to the obligations under the contract. Pennsylvania law authorizes lawyers for "second-class townships,"[2] such as Exeter, to "undertake any actions which are incident to defending lawsuits, which encompasses the duty to participate in settlement negotiations." *Lawrence v. Birmingham Twp.*, Civ. A. No. 89-2096, 1991 WL 8877, at *4-*5 (E.D. Pa. Jan. 25, 1991) (township not bound to an agreed upon settlement that township never ratified). While the Township could have avoided the Settlement Agreement by declining to ratify it, the contract existed at the time the attorneys for both parties reached an agreement. This is because the formal ratification requirement is "an implied condition precedent to the maturation of the remaining duties under the settlement agreement." *Ostman v. St. John's Episcopal Hosp.*, 918 F. Supp. 635, 644 (E.D.N.Y. 1996). Thus, because the contract was formed

---

[2] Pennsylvania divides its municipalities into different classes. Attorneys from second-class townships cannot bind the township to contract terms without approval by the township governing body. *See White Deer Twp. v. Napp*, 874 A.2d 1258, 1260 (Pa. Commw. Ct. 2005).

at the time of the settlement conference, it is not subject to McClure's unilateral recision and is enforceable based on the occurrence of the implied condition precedent–formal ratification by the Township. *See id.* at 645-46.

In addition to comporting with general principles of contract law, this analysis provides the most reasonable interpretation of Pennsylvania's ratification requirement. In construing a provision requiring governing body approval of contracts over a certain dollar amount, the D.C. Circuit Court of Appeals stated that the provision "was clearly enacted for the benefit of the District and not for parties contracting with the District." *Singleton v. Dist. of Columbia*, 198 F.2d 945, 947-48 (D.C. Cir. 1952) (citing *Clark v. United States*, 95 U.S. 539 (1877)). According to *Singleton*, the approval provision did not render an agreement between government "contracting officers" and a private school supply contractor unenforceable for lack of capacity to contract. *Id.* Nor was the non-governmental party to such a contract entitled to a period of revocation prior to formal ratification. *Id.* Likewise, the fact that second-class townships in Pennsylvania must formally ratify contracts to make them binding on the township does not provide an escape-hatch for parties who contract with the government. Thus, even if the Township's attorneys lacked the ability to formally bind the Township at the settlement conference, the agreement is still enforceable because McClure assented, and, by ratifying the Settlement Agreement, the Township satisfied the implied condition precedent.

**C. Revocation Provision is Not Part of the Final Agreement**

Although not raised as a ground for declining to enforce the settlement, the Court notes that Paragraph 11 of the Settlement Agreement allows McClure seven days after signing the document to revoke it. That provision does not prevent the Court from enforcing the settlement for two

reasons. First, and most importantly, McClure never signed the agreement and thus never triggered the seven-day revocability period. Second, to the extent that the existence of the revocability provision might evince McClure's intent not to be bound at the time of the settlement conference, such argument is foreclosed by Plaintiff Counsel's admission that he could think of no reason that the provision was included except to comply with the requirements for releasing an age discrimination claim.[3] Plaintiff did not include an ADEA claim in her Complaint, nor is there evidence to suggest that the parties discussed age discrimination or revocability during the settlement conference. *See United States v. Lightman*, 988 F. Supp. 448, 462 (D.N.J. 1997) (speculating that provisions requiring signature to make a settlement binding were not actually discussed at the settlement conference but were instead legal boilerplate). Accordingly, the revocability language in the Settlement Agreement was mere surplusage and is not part of the parties' final settlement agreement.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to enforce the settlement agreement reached at the May 15, 2006, settlement conference. Because McClure admits that she consented to the substantive terms included in the Settlement Agreement, the Court finds that the

---

[3] The Settlement Agreement provides a waiver of rights under "any and all laws . . . ." (Defs.' Mot. to Enforce Settlement Ex. 1 ¶ 4). The Settlement Agreement goes on to include a non-exhaustive list of federal and state statutes that might conceivably have provided McClure a right to relief. Included among that list is the Age Discrimination in Employment Act ("ADEA"). Section 626 of the ADEA provides that a waiver of rights is not considered voluntary or knowing unless, among other things, the agreement includes a provision stating that "for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired." 29 U.S.C. § 626(f)(1)(G) (2006).

parties agreed to the terms included in Paragraphs 1 through 9.[4]  This court retains jurisdiction to enforce the terms of the settlement.

---

[4]Paragraphs 10 through 12 deal with the formalities of validating the written Settlement Agreement.  Because McClure never signed the Settlement Agreement, this Court does not include those paragraphs in the terms of settlement.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL McCLURE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| TOWNSHIP OF EXETER, | : | |
| PENNSYLVANIA, LACHLAN | : | |
| MACBEAN, and GERARD RADKE, | : | No. 05-5846 |
| Defendants. | : | |

**ORDER**

AND NOW, this **26th** day of **September**, **2006**, upon consideration of Defendants' Motion to Enforce Settlement Agreement, Plaintiff's response thereto, the hearing conducted on September 19, 2006, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendants' motion (Document No. 17) is **GRANTED**.

2. The introductory language and Paragraphs 1 through 9 of the Settlement Agreement and General Release (Exhibit 1 to Defendants' motion) is hereby incorporated into this Order as the parties final settlement.

3. The parties shall immediately perform all obligations set forth in Paragraphs 1 through 9 of the Settlement Agreement and General Release.

4. Each party shall bear its own attorneys' fees and costs.

5. Pursuant to Local Rule of Civil Procedure 41.1(b) this action is **DISMISSED with prejudice** as a result of the parties' oral agreement to Paragraphs 1 through 9 of the Settlement Agreement and General Release. The Clerk shall mark this case closed for statistical purposes.

6.        The Court retains jurisdiction to enforce the terms of the settlement.


                                        BY THE COURT:

                                        _____
                                        **Berle M. Schiller, J.**